# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### E-Filed: May 31, 2013

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
MARIAN UNDERWOOD, as parent of and  *        UNPUBLISHED
legal representative of the Estate of CESAR  *
ZACHARY MORENO, deceased            *        No. 00-357V
                                    *
            Petitioner,             *        Chief Special Master
                                    *        Campbell-Smith
v.                                  *
                                    *        Attorneys' Fees and Cost;
SECRETARY OF HEALTH                 *        Attorney is Family Member;
AND HUMAN SERVICES,                 *        Attorney is not Admitted to
                                    *        Bar of Court of Federal
                                    *        Claims.
            Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Ronald Craig Homer, Boston, MA, for petitioner.
Ryan Daniel Pyles, Washington, D.C., for respondent.

## DECISION ON FEES AND COSTS[1]

On June 23, 2000, Marian Underwood ("petitioner"), as parent and legal representative of the estate of Cesar Zachary Moreno ("Zachary"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program

---

[1] Because this decision contains a reasoned explanation for the undersigned's decision in this case, the undersigned intends to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

("the Program")[2] for the death of her son, Zachary, which petitioner alleged was caused by receipt of one or more vaccines. On July 6, 2001, petitioner filed an amended petition alleging that the hepatitis B vaccine alone was the cause of Zachary's death.

On November 3, 2011, Special Master Lord issued a Decision denying compensation, and judgment entered on December 6, 2011.

On May 15, 2012, petitioner's counsel of record, Ronald Homer, and respondent's counsel of record, Ryan Pyles, filed a stipulation of fact for final attorneys' fees and costs. In relevant part, the stipulation provided:

> 1. Ronald C. Homer is the attorney of record for petitioner in this matter.
>
> . . . .
>
> 3. [P]etitioner . . . request[s] reimbursement for attorneys' fees and costs in the amount of **$15,397.00.**
>
> 4. Pursuant to General Order #9, petitioner advanced **$364.38** in reimbursable costs in pursuit of her claim.
>
> . . . .
>
> 6. The parties now request that a decision awarding final attorneys' fees and costs, totaling **$15,761.38**, be issued.

May 15, 2012 Stipulation.

Special Master Lord issued a decision on fees and costs approving this stipulation on May 16, 2012, and judgment entered on June 19, 2012.

On June 4, 2012, petitioner filed "Petitioner's Former Attorney's Application for Fees and Costs," in which she seeks an additional award of $3,195.00 in attorney's fees and $147.25 in attorney's costs, for a total additional payment of $3,342.25. Petitioner's motion was filed within 180 days of the issuance of judgment, and is thus timely. 42 U.S.C. § 300aa-15(e); Vaccine Rule

---

[2]     The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

13(a).[3]  The former attorney for whom petitioner seeks fees and costs is William Underwood, Esq.  On June 8, 2012, petitioner filed an affidavit from Mr. Underwood in support of the supplemental application for fees.

Respondent filed an opposition on June 13, 2012, urging the denial of petitioner's supplemental application in its entirety.  Response at p. 1.  Respondent asserts that, upon information and belief, Mr. Underwood is the brother of Marian Underwood, the petitioner.  Id. at p. 2.

Petitioner filed a reply on June 29, 2012.  This case was reassigned to the undersigned on September 10, 2012.  On May 1, 2013, petitioner filed an unopposed motion calling the attention of the undersigned to the pending fees motion.

The motion is now fully briefed and ripe for decision.

Petitioner's Former Attorney's Application for Fees and Costs is **DENIED** on the grounds that: (1) no formal, established attorney-client relationship existed between Mr. Underwood and Ms. Underwood; (2) Mr. Underwood is ineligible to practice in the Vaccine Program because he is not a member of the bar of the Court of Federal Claims; (3) Mr. Underwood billed for work performed after another attorney became petitioner's attorney of record; and (4) a final award of attorneys' fees and costs has issued to petitioner's attorney of record.  The undersigned addresses each of the grounds for denial in further detail below.

## A. The Vaccine Program Permits Payment of Attorneys' Fees to Family Members in Limited Circumstances Only

Petitioner's counsel, Mr. Homer, attached a brief prepared and signed by Mr. Underwood to the reply he filed on behalf of petitioner.  Reply, Tab A.  In this brief, Mr. Underwood responded directly to several of respondent's objections to his fee request, but he did not address the assertion that he is the brother of Ms. Underwood.  Mr. Underwood's decision to reply to certain objections, while

---

[3]     Guiding the actions of special masters with the Court of Federal Claims are two sets of rules: (1) the Rules of the Court of Federal Claims (RCFC) and (2) the Vaccine Rules of the Court of Federal Claims (Vaccine Rules), found in Appendix B of the RCFC.  Special masters are bound by both the RCFC and the Vaccine Rules. Vaccine Rule 1.  The RCFC, including the Vaccine Rules, may be found on the court's website. http://www.uscfc.uscourts.gov/node/6141 (on the left bar, click "New Attorney Info," then click "Rules of the Court of Federal Claims (RCFC)").

remaining silent on the issue of his personal relationship with Ms. Underwood, is construed as an admission that Mr. Underwood is the brother of Ms. Underwood.

A review of the vaccine case law indicates that payment of attorneys' fees to a family member has been permitted under the Vaccine Program in limited circumstances. Such circumstances are absent from this record.

The limited circumstances in which attorneys' fees might be awarded to a family member were addressed in the matter of Kooi v. Secretary of the Department of Health and Human Services, No. 05–438V, 2007 WL 5161800 (Fed. Cl. Spec. Mstr. Nov. 21, 2007). In that case, the special master offered a thorough, informative discussion regarding whether a legal basis existed for awarding attorneys' fees to petitioner's husband. See Kooi, 2007 WL 5161800, at *2-6. An important consideration to the special master evaluating the request was whether there was any evidence that an attorney-client relationship had been established between petitioner and her husband. The special master determined that:

> [W]ithout some evidence of a business relationship it cannot be said that petitioner "incurred" a cost for her husband's work. In this case, there is no evidence that Keri Kooi entered into a paying, attorney-client relationship with her husband, Jeffrey Kooi. Mr. Kooi's assistance to his spouse was of [a] personal nature and did not stem from an attorney-client relationship, and is thus properly characterized as "self-help." Mr. Kooi never filed a Notice of Appearance with regard to this matter, nor is he admitted to practice before the United States Court of Federal Claims. Additionally, there was no representation agreement submitted to the Court for review. Without a paying attorney-client relationship, under existing precedent, Keri Kooi did not incur costs or fees payable to her husband Jeffrey Kooi. The absence of any "incurred" cost or a paying, attorney-client relationship between Keri Kooi and her spouse, Jeffrey Kooi, requires the denial of an award of attorney's fees and costs to Mr. Kooi.

Kooi, 2007 WL 5161800, at *4 (internal citations omitted). The reasoning in the Kooi case is persuasive and informs the undersigned's consideration of the pending fee application.

In this case, there is nothing in the record to suggest that Ms. Underwood entered into a "formal, established attorney-client relationship" with her brother. The lack of such evidence precludes Mr. Underwood from receiving a fee award.

4

Mr. Underwood's billing records do contain detailed entries regarding the dates of, and time periods for, the work he performed in prosecuting this claim for his sister. Some dates have multiple documented time periods for particular tasks, as Mr. Underwood carefully recorded the work he did for his sister. For example, the February 18, 2000 entry reflects time billed for five separate tasks, at three different times during the day. Motion, Tab A at p. 2.

Mr. Underwood also included in his billing records his case-related discussions with his sister. On April 8, 2000, he recorded 1.50 hours for "interview[ing] Marian and Patricia Underwood about their recollection of Zachary's condition preceding his death." Id. Notably, Mr. Underwood recorded even the briefest case-related work in his billing records, including three minutes spent on September 7, 2000 to "[d]iscuss case with Marian Underwood." Id. at p. 3.

But conspicuously absent from the billing records is any mention of the establishment of an attorney-client relationship. Nor does Mr. Underwood assert that any such relationship existed in either his motion for fees or his reply briefing, and no representation agreement has been filed.

Mr. Underwood did file a signed affidavit in which described the work he did for the fees he seeks. Underwood Aff. at p. 1. In the affidavit, he outlined the seven tasks that he performed in support of his sister's claim--some of which were performed prior to the filing of the petition, and some of which were performed thereafter. Id. There is no mention, however, in Mr. Underwood's affidavit of any discussions with Ms. Underwood about establishing an attorney-client relationship or preparing a representation agreement. Id.

Mr. Underwood appears to have acted as a lovingly concerned family member by helping his sister during a very difficult time. Nonetheless, Mr. Underwood's professional assistance--even if needed and appreciated--did not create a formal attorney-client relationship in which Ms. Underwood incurred responsibility for the payment of attorneys' fees to Mr. Underwood. In the absence of such a relationship, petitioner is ineligible to receive an award of attorneys' fees and costs under the Vaccine Program for work performed by Mr. Underwood.

**B. The Vaccine Program Does Not Permit Payment of Attorneys' Fees to Attorneys Not Admitted to the Bar of the Court of Federal Claims**

A review of the case docket shows that Mr. Underwood never made an appearance in this matter, and in fact, would not have been eligible to do so. The

Clerk's Office of the Court of Federal Claims reports to the undersigned that Mr. Underwood is not admitted to the court's bar, and under the Vaccine Rules, an attorney must be admitted to the bar of the Court of Federal Claims to be eligible to practice in the Vaccine Program. See Vaccine Rule 14(a)(1). The pertinent portion of the applicable rule is set forth below.

**Rule 14. Attorneys**

(a) Eligibility to Practice
(1) *In General.* An attorney is eligible to practice before the Office of Special Masters if the attorney is a member of the bar of the United States Court of Federal Claims under RCFC 83.1 and complies with the Vaccine Rules.

Vaccine Rule 14(a)(1).

When, as in this case, an attorney is not eligible to practice in the Vaccine Program, there can be no basis for such counsel to recover the attorneys' fees afforded under the statute.

**C. The Vaccine Program Does Not Permit Payment of Attorneys' Fees to More Than One Attorney at the Same Time**

On June 23, 2000, Ronald Homer, Esq. filed a petition on behalf of Ms. Underwood, becoming her attorney of record as of that date.

A review of the fees requested by Mr. Underwood shows that approximately one-third of the hours he billed were for tasks performed after June 23, 2000, when Mr. Homer became the attorney of record for Ms. Underwood. See Motion, Tab A at pp. 3-4 (entry nos. 18 – 32 for dates ranging from September 4, 2000 to April 19, 2003).

As Vaccine Rule 14(b) provides:

A party may have only one attorney of record in a case at any one time and, with the exception of a *pro se* litigant appearing under Vaccine Rule 14(a), must be represented by an attorney (not a firm) admitted to practice before the Court of Federal Claims. Any attorney assisting the attorney of record must be designated "of counsel."

Vaccine Rule 14(b).

Even if Mr. Underwood were eligible to receive attorney fees under the Vaccine Program, he could not be awarded fees for work performed after Mr. Homer made an appearance as counsel and became attorney of record in this

6

matter. Under the Vaccine Rules, petitioner may have only one counsel of record at a time. Vaccine Rule 14(b).

Moreover, under Vaccine Rule 14(b), Mr. Underwood would not have been eligible to serve as "of counsel" and collect fees for his work because he is not admitted to practice before the Court of Federal Claims. Nor does Mr. Underwood's fee application suggest that he was assisting or working with Mr. Homer. Rather, it appears that Mr. Underwood was working on his own, in an effort to assist his sister.

The work performed by Mr. Underwood after Mr. Homer filed the petition appears to have involved a review of the Texas probate code, for the purpose of determining how to establish that Ms. Underwood was eligible to act as the representative of her late son's estate. Mr. Underwood asserts that the work was necessary because "the Court of Federal Claims would not proceed . . . without proof that petitioner was entitled to prosecute the vaccine injury claim." Reply at p. 2. Mr. Underwood does not provide specifics as to why he thought the court would decline to proceed without such proof, and a review of the docket provides no indication that the court ordered Mr. Underwood to undertake the work he did.

Respondent asserts that such work was unnecessary at the time Mr. Underwood initiated his efforts because the "case never entered the damages phase, so there was never any vaccine injury compensation at issue necessitating administration proceedings. [Nor did] respondent []ever request[] administration papers." Response at p. 3.

Mr. Underwood appears to have performed work that was not necessary for the prosecution of petitioner's claim at the same time that petitioner was represented by experienced counsel in the Vaccine Program. His fees for doing this work are not reimbursable.

### D. A Final Fees and Costs Decision Issued Previously

The Vaccine Act affords special masters the discretion to award attorneys' fees and costs in a matter, such as this one, in which petitioner was not compensated. The special master "may" award compensation to cover "reasonable" attorneys' fees and other costs. 42 U.S.C. § 300aa-15(e)(1). Conversely, a special master may refuse to award compensation for attorneys' fees that the special master determines are not reasonable. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 315 (2008) (affirming the special master's decision to refuse compensation for certain fees and costs as unreasonable, because "[d]etermining reasonableness is within the purview of the special master, who must adjudge, *inter alia,*

7

whether any of the hours claimed are 'excessive, redundant, or otherwise unnecessary'").

In this matter, respondent objects to the payment of any fees or costs to Mr. Underwood and urges the special master to deny petitioner's supplemental fee application. Response at p. 1. As respondent correctly points out, the fees paid to Mr. Homer and the costs reimbursed to Ms. Underwood were "final" fees and costs, according to the stipulation of fact filed by petitioner and respondent. Id.

In determining whether payment of a petitioner's attorneys' fees is reasonable, a special master may take into account the time counsel spent performing certain tasks, as well as the total amount of fees counsel has requested. Inherent in any stipulation for the payment of a particular amount of attorneys' fees is consideration of the "reasonableness" of the award. A special master's approval of the parties' stipulation is also based on a reasonableness determination.

Even if Mr. Underwood were eligible to receive attorneys' fees in this matter, the undersigned is not persuaded that payment of additional fees and costs--billed after a final fees and costs award has been paid to petitioner's counsel of record--would be reasonable.

**E. Costs**

Mr. Underwood has included in the supplemental fee application a request for $147.25 in costs for obtaining copies of birth and death certificates, making photocopies of medical records, and paying the assessed postage and fees for the release of certain medical records. Motion at p. 1, Tab B. These costs are among the types of costs for which petitioner might request reimbursement directly.

In the final fees decision issued on May 16, 2002, petitioner was awarded reimbursable costs of $364.38. May 16, 2012 Decision on Fees and Costs at p. 2. Because the stipulation did not itemize the costs incurred, whether petitioner was reimbursed for any of the costs now sought is unclear. But Mr. Underwood does not request reimbursement for the costs borne by petitioner; rather he seeks to recover costs he incurred as counsel.

Mr. Underwood is ineligible for an award of costs because he did not serve as counsel of record. Moreover, because petitioner has been reimbursed in a final fees decision for the costs she incurred, she cannot seek further reimbursement now for additional final costs.

8

**F. Conclusion**

For the reasons set forth more fully above, Petitioner's Former Attorney's Application for Fees and Costs is **DENIED**. In the absence of a timely-filed motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Chief Special Master
